[Crim. No. 6172. Second Dist., Div. Two. July 14, 1958.]

THE PEOPLE, Respondent, v. WILLIAM A. BASERTO, Appellant.

Jefferson & Jefferson and Martha Malone Jefferson for Appellant.

Edmund G. Brown, Attorney General, Albert Bianchi and John A. Vander Lans, Deputy Attorneys General, for Respondent.

ASHBURN, J.—There is no merit in this appeal. Upon the sole ground of insufficiency of the evidence it attacks a judgment convicting defendant of two charges of sale of heroin in violation of section 11500, Health and Safety Code.

On April 19, 1957, Officer Ronald Nelson, of the Narcotics Division of the Los Angeles Police force, posing as a shoplifter with "hot" shirts for sale, offered them to defendant who rejected same and then agreed to sell and did sell and deliver to Nelson a bindle containing eight grams of heroin for $20 cash, which was then paid to him. On the next evening, April 20th, without resorting to the routine of attempted sale of "hot" goods, Nelson made a like purchase from defendant of eight grams of heroin for $20 cash in hand.

Defendant, after a nonjury trial, was found guilty on both counts, sentenced for the term prescribed by law with sentences to run concurrently. He appeals from the judgment.

■ The first claim of counsel is that the evidence is insufficient to establish identification of defendant, he himself having testified that he had no such transaction with Nelson. The case was submitted upon a transcript of the grand jury hearing and additional evidence offered at the trial. Before the grand jury Officer Nelson testified from a photograph which he said he recognized as a person named William A. Baserto, and that that was the person from whom he bought the narcotic. It is argued that there never was any proof that the person shown in the photograph was this defendant. But Nelson testified at the trial: "Q. Now, do you see the defendant seated down at the end of the counsel table in the white jacket? A. Yes, sir. Q. Is that the William A. Baserto that you made reference to in your testimony before the Grand Jury? A. Yes, sir. Q. And did that involve certain transactions on or about the 19th of April of 1957, 19th and 20th of April, 1957? A. Yes, sir." Manifestly, this contention of appellant is groundless.

■ Next it is argued that there were discrepancies in Nelson's testimony which make it inherently incredible and hence it could afford no basis for overcoming alibi testimony

offered by defendant and a corroborating witness. The argument of inherent incredibility will not lie in an appellate court unless there exists "either a physical impossibility that they [the witness' statements] are true, or their falsity [is] apparent without resorting to inferences or deductions." (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].) See also *People* v. *Huston,* 156 Cal.App.2d 670, 671 [320 P.2d 175]. The asserted discrepancies in Officer Nelson's testimony are insubstantial in character and do not approach the measure prescribed by the cases just cited; at best they afford ground for divergent inferences. The cited case of *People* v. *Headlee,* 18 Cal.2d 266 [115 P.2d 427], is not contrary to those authorities; it rests upon a state of facts which bears no similarity to those at bar.

The second point urged by counsel is that the defendant and his witness made out a good alibi, and their testimony must be accepted because Nelson's testimony is incredible and there is no other contradiction. ■ Aside from the question of rejecting Nelson's testimony, it is also true that the court was not required to accept the alibi testimony though not directly contradicted by another witness. In other words, the judge had the prerogative of disbelieving defendant and his witness. (*Odenthal* v. *Lee,* 113 Cal.App.2d 666, 669 [248 P.2d 937]; *Huth* v. *Katz,* 30 Cal.2d 605, 608-609 [184 P.2d 521].)

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.