[Crim. No. 6466.  Second Dist., Div. Three.  June 26, 1959.]

THE PEOPLE, Respondent, v. WALTER CAREY, JR., Appellant.

Maynard D. Davis, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Arthur C. de Goede, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was convicted, in a non-jury trial, of unlawfully possessing heroin. His notice of appeal (in propria persona) states, "I hereby appeal." It will be assumed that he appeals from the judgment and the order denying his motion for a new trial. He contends that the court erred in not requiring the prosecution to disclose the name of an informer.

On March 11, 1958, about 5 p.m., an informer told Officer Stephenson by telephone "that the defendant was on Fifth Street [in Los Angeles] and had been seen in various bars, had considerable heroin in his possession and was selling it on Fifth Street." The officer had known defendant for more than a year. During the preceding year and a half, the officer had received information from the same informer about 10 times, and the information had been reliable. About 15 minutes after receiving the information on the occasion involved here, Officers Stephenson and Labbey entered the bar portion of the Rose Room on Fifth Street and went to the archway entrance to the café portion of that place. While the officers were entering the café, through the archway, Officer Stephenson saw defendant sitting at the counter and looking toward the street. Then defendant arose and walked toward the front of the café. Officer Stephenson went behind the defendant and caught him by the elbows and said, "Police officers, you are under arrest. Are you holding Walter?" Then defendant put his hand in his coat pocket. Officer Stephenson withdrew defendant's hand from the pocket and observed a plastic wrapped bindle in defendant's hand. The officer forced defendant's hand open and the bindle fell to the floor and the officer recovered it. That bindle (Exhibit 1) contained 10 bindles of heroin.

Officer Stephenson testified, among other things, that after the arrest the defendant said that there were eight bindles and he was going to take them to the "West Side" and deliver them to someone there. On cross-examination, the officer testified that defendant said that he had just gotten out of Mira Loma where he had been "for an addiction charge"; after the arrest herein, the officers talked to defendant about some other arrests, and they also had conversation with him "with respect to why" he had not been an informer for them; prior to the arrest herein, the officers had talked to defendant about "making a buy" from one Mitchell, and they asked defendant to introduce an "under-cover officer" to Mitchell so that "a sale could be made"; defendant agreed to do that, but the

next time the officer saw defendant he (defendant) was under arrest for burglary.

Also, on cross-examination of Officer Stephenson, there were questions and answers, as follows: "Q. [By counsel for defendant] What was the name of the informant? Mrs. Linn [Deputy district attorney]: Object to that under Section 1881, Subdivision 5 of the Code of Civil Procedure. The Court: Would revealing the name of the informant jeopardize his wellbeing and safety? The Witness: It would. The Court: It would affect his value to the Police Department as an informant? A. I think it would. The Court: Objection sustained."

Also, on cross-examination, Officer Stephenson testified that he relied upon the information received from the informant, but for identification of defendant he relied on his own knowledge of defendant; he (witness) was acquainted with Eddie Thomas, but he did not see Eddie at the café; he (witness) did not know where Eddie could be found but he believed that, approximately a month ago (month preceding trial), Eddie lived at the Sunset Hotel on Fifth Street. Counsel for defendant asked the officer if Eddie was the informant. The officer replied, "I decline to state."

When Exhibit 1 for identification (the heroin) was offered in evidence, at the close of the prosecution's case, the judge said: "It will be so received." Thereupon, counsel for defendant said: "I am going to object and move to strike the evidence on the ground that we feel that the identity of the informant should have been disclosed, and that it is material to our defense. We believe it would indicate that this informant would have been Eddie Thomas also known as 'Hip Enuff' and it would be our contention in this case Hip Enuff was the one who had the narcotics; that it was Hip Enuff who placed this package in his pocket where they could find it and tie it in with the defendant. . . . [W]e would like to object and move to strike the evidence. We feel that the defense cannot put in their entire defense to this matter without the identity of the reliable informant." Then the judge said: "It will be overruled for this reason. The Officer says he knows Thomas and Thomas is not the one. That the defendant had the narcotic in his pocket, reached in and got it and had it in his hand. No showing that Eddie Thomas was present or that Thomas was the informant. . . ."

Joseph Pierce, called as a witness by defendant, testified that after 4 p.m. on the day of the arrest he went into the

café and sat next to defendant at the counter; about five minutes after he (witness) arrived there, Eddie Thomas, who was known as Hip Enuff, came into the café and told him and the defendant that he (Eddie) had some stuff (narcotics); Eddie and defendant argued about a jacket; Eddie went away, but he returned and sat next to defendant and flashed a package which was similar to Exhibit 1; Eddie asked defendant if he wanted to exchange the jacket for some stuff; defendant replied that he did not want any stuff; when Eddie left, the officer came in the door; defendant was sitting at the counter when he was arrested; he (witness) did not see the officers get anything from defendant's hand or pocket. Pierce also testified that he was under the influence of narcotics when the officers arrived; he had been arrested on a car theft charge, and he was then "in jail" in the same tank with defendant; he (witness) had known Eddie previously—they were in jail "together a couple of times"; Eddie had a reputation of being an informer.

Defendant testified that he had been out of jail eight days at the time of the arrest; about 4 p.m. on the day of the arrest he went to the counter in the café and ordered a sandwich; Eddie Thomas came into the café and asked him and Joe Pierce if they wanted to buy "some smack" (narcotics); they replied that they did not want any; defendant told Eddie that the jacket which Eddie was wearing belonged to defendant; after they had argued about the jacket, Eddie said that he would give defendant some narcotics for the jacket; defendant refused the offer, and then Eddie sat next to him at the counter; soon thereafter Eddie went away, but he returned within 5 or 10 minutes and stood by the side of defendant; soon thereafter defendant's arms were "grabbed from behind" and he was handcuffed; the officer said to defendant, "Walter, do you have it?"; the officer took him into another room and searched him; he (defendant) did not have any heroin in his possession; defendant saw the heroin (Exhibit 1) in Eddie's hand before the officers arrived; defendant did not tell the officers that he was going to deliver the heroin to someone on the west side; in 1956, when he was arrested on a charge of burglary, Officer Stephenson told him that he would get a lighter sentence if he would work on narcotics (with the police); the officer also said that a fellow named Mitchell was dealing in narcotics in the vicinity of Compton; defendant replied that he could not do the work; defendant was sentenced on the burglary charge to nine months in the county

jail; soon after defendant was released from Mira Loma (on a narcotics conviction), Officer Stephenson went to defendant's home and arrested him again, stating that the six months defendant had served at Mira Loma was only part of the time fixed, and he asked defendant if he "would rather go through with him and be an informer" or go to jail. On cross-examination, defendant testified that he first met Officer Stephenson in 1956 when the officer arrested him on the burglary charge, and at that time the officer wanted defendant to be an informer; when defendant was arrested in June, 1957, no charge was placed against him, but Officer Stephenson asked him to be an informer; in July, 1957, he was arrested for possessing marijuana; in October, 1957, he pleaded guilty to "vag addict" and was sentenced to six months in jail.

Officer Stephenson testified further that when he arrested defendant on the burglary charge he did not have any conversation with defendant "as to turning informer"; that he did not have any other conversation which defendant had testified to, but he (witness) did talk to him about Mitchell.

The judge granted defendant's motion for a continuance in order that defendant might try to locate Eddie Thomas. When the trial was resumed, after the continuance, it was stipulated that the manager of the Sunset Hotel would testify that he did not know anyone by the name of Eddie Thomas, and that no one by that name had been registered at the hotel since January 1, 1958.

The arrest and search were made without a warrant. The prosecution relied upon communications from an informer to show reasonable cause for the arrest. ██ "[W]hen the prosecution seeks to show reasonable cause for a search by testimony as to communications from an informer, either the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be struck on proper motion of the defendant." (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 819 [330 P.2d 39].) ██ In the present case, appellant objected to the introduction of the heroin in evidence, and he moved "to strike the evidence" on the ground that the identity of the informer should have been disclosed, and that it was material to his defense. Appellant asserted, with reference to such objection and motion, that he believed the disclosure would indicate that the informer was Eddie Thomas; and that appellant would contend that Eddie Thomas had the narcotics and placed them in appellant's pocket.

Appellant did not assert, at the trial, that the arrest was illegal, or that he was relying on the refusal to identify the informer to establish illegality of the arrest and search, or that by reason of the failure to identify the informer the appellant was deprived of the opportunity of trying to obtain the informer as a witness. The testimony of the officer as to the communications he received from the informer was properly admitted as evidence of reasonable cause for the arrest, and that testimony was not challenged by appellant. Appellant did not move to strike that testimony or otherwise make his position clear that he was claiming illegality of the arrest or search because the name of the informer was not disclosed. As above shown, the appellant asserted that the disclosure was material to his defense, and that his defense was to the effect that Thomas was the informer and that the informer had placed the narcotics in appellant's pocket. In *Coy* v. *Superior Court,* 51 Cal.2d 471 [334 P.2d 569], it was said at page 473: "In the present case no motion to strike the officer's testimony was made after the identity of the informer was refused, and neither in his objection to the introduction of the narcotics in evidence nor by argument elsewhere in the record did defendant indicate that he was relying on the refusal to identify the informer to establish the illegality of the arrest and search. The magistrate did not err in sustaining the objection to the question asking the identity of the informer, for the prosecution was entitled to elect between disclosure and having the officer's testimony struck. It was incumbent on defendant to compel this election, however, by moving to strike or otherwise making his position clear. The prosecution may have had evidence other than the information of the informer to justify the search or it may have been willing to waive the privilege of nondisclosure if its case would otherwise fail, and it was entitled to an opportunity to produce such evidence or waive nondisclosure. It was not called upon to do so, however, while evidence of reasonable cause stood unchallenged in the record. . . . No undue burden is placed on the defendant by requiring him to make a motion to strike when the basis for excluding evidence theretofore properly admitted becomes apparent, and there is no basis for departing from the settled rule requiring such a motion [citations] in the present situation."

The court did not err in refusing to require disclosure of the name of the informer.

Appellant knew Eddie Thomas and was afforded an opportunity to try to obtain him as a witness.

The evidence was sufficient to support a finding of reasonable cause for the arrest. The search was an incident to the arrest and was not illegal. The evidence was sufficient to support the judgment.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied July 15, 1959, and appellant's petition for a hearing by the Supreme Court was denied August 19, 1959. Peters, J., was of the opinion that the petition should be granted.