[Crim. No. 6518.   Second Dist., Div. Three.   July 24, 1959.]

THE PEOPLE, Respondent, v. FRANCINE DALEY,
Appellant.

Umann & Marks and Burton Marks for Appellant.

Stanley Mosk, Attorney General, and William E. James,
Assistant Attorney General, for Respondent.

SHINN, P. J.—In a court trial, Francine Daley was found guilty of possessing marijuana and probation was granted on condition that she serve six months in the county jail. She appeals from the judgment and the denial of her motion for new trial.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. R. R. Fusilier, a police officer for the city of Los Angeles attached to the vice squad, received information from three confidential informants that a "redhead" called Fran and a "brunette" called Wendy or Wanda were engaging in prostitution and holding marijuana parties in a second-story apartment at 1035 South Cloverdale. Officer Fusilier telephoned the apartment three or four times and talked to Wendy (Shielah Hally) about "prostitution deals." He also went to the premises and spoke to her about prostitution. On that occasion, he saw appellant leaving the apartment; appellant had red hair; he had previously seen her enter and leave about 10 times.

On the afternoon of February 28, 1958, Fusilier and another officer went to the premises and placed a ladder against the side of the building. Fusilier climbed up the ladder, looked through the bathroom window and observed Shielah Hally walking around the apartment. He saw no one else. The telephone rang. Miss Hally answered it and he heard her say: "I got scared, and flushed three cans of marijuana down the toilet yesterday. Somebody was going to fink on us. I had about 13 marijuana cigarettes in my purse in a cigarette package, and my friend Fran took them with her, and she will be back later." She also said that Fran was carrying the cigarettes in her purse and had taken them with her to a dentist's office.

A few minutes later, Fusilier heard a car drive up. He testified at the preliminary hearing that he saw appellant enter the apartment in the company of two men but he testified at the trial that although he saw someone entering the apartment he did not recall seeing her enter. Fusilier and his fellow officer walked up to the front door, which was opened by Shielah Hally. There were four persons in the apartment. Fusilier identified himself, seized appellant's purse and emptied its contents onto the floor; a cigarette package fell out; appellant was placed under arrest for possessing narcotics. Inside the package were three cigarettes which were proved to contain marijuana. When questioned by the officers, appellant admitted that the contraband was hers.

On cross-examination, Fusilier admitted that he had neither a warrant for the search of the premises nor a warrant for appellant's arrest. When asked to disclose the names of his three informants, he refused to answer upon the ground of privilege and his objection was sustained by the court. No motion was made to strike his testimony regarding communications from the informants. The marijuana was received in evidence over an objection that it had been obtained by means of an unlawful search and seizure.

Appellant did not testify. Shielah Hally testified on behalf of appellant that she had a telephone conversation on the afternoon of the arrest but she denied making the statements which Fusilier testified he had overheard. She also denied having had any marijuana in her possession.

It is not contended on the appeal that the evidence was insufficient to support the conviction. Appellant argues that the court should have ordered disclosure of the names of Fusilier's informants and that the marijuana was obtained through an unlawful search and seizure. The arguments cannot be maintained.

Where the prosecution seeks to show probable cause for an arrest and search by testimony as to communications from an informer, the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be stricken on proper motion of the defense. (*Priestly* v. *Superior Court*, 50 Cal.2d 812, 819 [330 P.2d 39].) But disclosure may not be required where there was probable cause apart from the informer's communications. (*People* v. *Williams*, 51 Cal.2d 355, 359 [333 P.2d 19].)

As we have said, appellant did not move to strike the testimony of Officer Fusilier as to the information he received from the anonymous informants. And in the absence of such a motion, she may not be heard to argue that the court committed error in refusing to order disclosure of their identity. (*Coy* v. *Superior Court*, 51 Cal.2d 471 [334 P.2d 569].)

Furthermore, probable cause was established by evidence apart from the informants' communications. Fusilier overheard Shielah Hally say that Fran had marijuana cigarettes in her purse and would soon be returning to the apartment. Evidence of the telephone conversation was properly received, as it could not be contended that what the officer overheard while listening at the window was the product of an unlawful search. (*People* v. *Hen Chin*, 145 Cal.App.2d 583 [303 P.2d 18].) The question was whether Fusilier had reason to believe

that appellant and Fran were one and the same person. Two women were living in the apartment; one was Miss Hally and the other was appellant, whom he had seen entering and leaving on numerous occasions. Although Fusilier admitted in his testimony that he did not know that appellant's name was Fran, it was a reasonable inference that she was the person to whom Miss Hally had referred in her telephone conversation. It was also a reasonable inference that she was one of the persons who entered the apartment just before the officers gained admittance. The investigation conducted by Fusilier warranted him in a reasonable belief that appellant was in possession of marijuana.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.