[Crim. No. 6407.   Second Dist., Div. Two.   July 27, 1959.]

THE PEOPLE, Respondent, v. ARTHUR LEE WILLIAMS,
Appellant.

Rayfield Lundy for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was convicted of two charges of selling marijuana and one charge of possession of heroin. He has been represented by counsel at times, then in propria persona and finally by counsel.

He claims unlawful search and seizure, refusal to disclose the name of an informer, insufficiency of the evidence to support the convictions, perjured testimony on the part of Deputy Sheriff Brown, and inherent improbability therein. None of these contentions has substantial support in the record.

Count I of the information charges sale of marijuana on September 10, 1957. Deputy Sheriff Brown on that evening met defendant on the street, inquired if he had seen one "C.W." Defendant said he had not but he could help out because he had put "C.W." in business. He took Brown to his automobile, unlocked it and showed him a quantity of marijuana. Brown gave him five dollars and later defendant delivered a newspaper package of that plant to Brown. It became People's Exhibit 3.

Count II charges sale of marijuana on September 19, 1957. Deputy Brown, in the afternoon of that day, waved at defendant as the latter drove by in his car and defendant pulled over to join him. The officer talked about buying some marijuana and was told he could have it right then if he had the money, that it would be eleven dollars for a can of it. They then drove into the driveway of defendant's home, 1514 East 110th Street. Defendant went to his upstairs apartment and

soon returned to the car and delivered to Brown two newspaper packages of marijuana for which he was paid eleven dollars. This marijuana became People's Exhibit 4.

Count III alleges possession of heroin on October 11, 1957. On that evening, acting upon information furnished by a reliable informant to the effect that defendant was dealing in heroin and had some in his possession at 1514 East 110th Street, Officers Stephenson, King and Caskey parked their automobile nearby and watched suspicious actions of the occupants of three cars which drove up and soon left. Then Stephenson and King went to defendant's upstairs apartment, looked through a peephole in the door, knocked, a woman opened the door, they identified themselves and entered. Officer King found defendant in a bedroom where he was seated with a hypodermic in his hand, withdrawing it from a glass of water. On the table were three cellophane packages containing 108 capsules of heroin, a cigarette package containing 8 bindles and 9 capsules of heroin. (They became People's Exhibit 1.) Defendant was arrested and before leaving his home said he thought there were 120 capsules, as he had generally gotten that many out of a half ounce, and that was what he had bought that morning; that he had gone to a peddler to buy it and had just finished capping it. The informant was not present when any of these things occurred.

■ *Re* alleged unlawful search and seizure. At the preliminary hearing the marijuana and the heroin were received in evidence without objection and it was stipulated at the trial that they be received in evidence bearing the same numbers. This stipulation precluded any subsequent complaint about these exhibits. (*People* v. *Rollins,* 161 Cal.App.2d 560, 565 [326 P.2d 938].) ■ In the absence of such a stipulation it would be too late now to raise the claim of unlawful search and seizure for failure to object to the evidence at the trial precludes advancing it on appeal. (*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].) No motion to suppress the evidence was made, as claimed by appellant.

■ Actually, it does not appear that the officers did not have a search warrant, and it must be presumed that the arrest of defendant and search of his apartment were lawful. (*People* v. *Citrino,* 46 Cal.2d 284, 287 [294 P.2d 32] ; *People* v. *Kelsey,* 140 Cal.App.2d 722, 723-724 [295 P.2d 462].)

■ The claim that there was wrongful refusal to require the officer to disclose the name of the confidential informer

fails for want of support in the record. No such demand or request was made. No objection was interposed to the officer's testimony concerning what he learned from the informant and no motion to strike was made. (*Priestley* v. *Superior Court*, 50 Cal.2d 812, 819 [330 P.2d 39] ; *Coy* v. *Superior Court*, 51 Cal.2d 471, 473 [334 P.2d 569].)

The sufficiency of the evidence is manifest. True, defendant denied everything but his evidence was rejected by the court and not without good reason.

The claim of perjury in the testimony of Officer Brown calls on us to weigh the evidence, a thing which we cannot do. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Likewise the assertion of inherent improbability in Brown's testimony finds no support in the transcript. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758] ; *People* v. *Baserto,* 162 Cal.App.2d 123, 125 [327 P.2d 558].)

There is no semblance of merit in this appeal. It appears that the judgment herein was rendered on July 3, 1958, and on July 9th the trial judge upon defendant's motion granted a stay of execution pending appeal. This case was on our calendar of June 18, 1959. Presumably appellant has done almost a year of "dead" time in jail. This is not an unusual situation in a propria persona appeal. If the defendant is indigent the appellate court, upon application for appointment of an attorney for him, will make an independent examination of the record and will make such appointment unless it finds that it would not be of advantage to the defendant or helpful to the court to have counsel appointed (*People* v. *Hyde,* 51 Cal.2d 152, 154 [331 P.2d 42]). Denial of such an application should be sufficient evidence to the defendant that his appeal is without merit and that he should begin to serve his sentence forthwith. It is unfortunate that such appellants, when having no substantial grounds for appeal, are not given advice as to the futility of appeal and the folly of a stay of execution during the progress of one.

The judgment and order denying a new trial are affirmed.

Fox, P. J., and Herndon, J., concurred.