ASHBURN, J.
 

 Appeal from judgment of conviction of a charge of possession of heroin (Health & Saf. Code, § 11500), with prior conviction of a like felony found to be true. Appellant appears in propria persona and claims among other things wrongful search and seizure of the condemnatory evidence and wrongful withholding of information about an informer.
 

 The ease was submitted, pursuant to stipulation, upon the transcript of the preliminary hearing, “the exhibits received in evidence at the preliminary hearing to be binding in full force and
 
 effect
 
 for this proceeding.” The State reserved the right to present further evidence but did not do so and defendant elected not to testify. Heroin and facilities for its use were received in evidence as Exhibit 1 over objection of
 
 *753
 
 defendant’s then counsel “that the evidence was obtained through lack of probable cause, illegal search and seizure.”
 

 Viewing the evidence most favorably to respondent and in the light of the rules laid down in
 
 People
 
 v.
 
 Daugherty,
 
 40 Cal.2d 876, 885 [256 P.2d 911], it appears that the appeal is without any substantial basis.
 

 Defendant was arrested on March 17, 1959, at about 9 p. m. by Officers Cook, Stahl, Trout and Stoops. Cook had previously investigated defendant, knew of his prior conviction of possession of a narcotic, his “reputation in the Sheriff’s Narcotics Department,” knew that he on two prior occasions was “stashing his narcotics outside of the house.” Defendant on the above date lived in a rear apartment of a four-unit court; between his unit and a garage was a passageway about 4 to 5 feet wide, an unlighted area. The officers on this particular occasion were watching him from an adjoining property. They saw defendant leave his rear apartment, go between it and the garage and disappear from view; in 15 to 30 seconds he returned to the apartment. About 15 minutes later one Shonan, a known addict, drove up in front of the court, entered defendant’s apartment; soon defendant appeared in the rear and went between the apartment and garage, remained 20 to 30 seconds and returned to the house. The officers then climbed the fence, entered upon the court property and took up a new position for surveillance. A few minutes later they heard a knocking upon defendant’s door but were so situated that they could see only the feet of a man at the door because a parked automobile interfered with any closer observation of him. Two or three minutes later they heard the door open and saw defendant go again from the rear of his apartment to the passageway between court and garage. Officer Stahl then moved to a place where he could look around the corner of the garage. He saw defendant kneeling and apparently reaching down in front, then he moved two window screens to the side, reached down, removed an object, replaced it and restored the screens to their former position. As he emerged from the passageway the officers arrested him and pinned his arms to his body. At that moment three capsules of heroin dropped onto the cement driveway and the officers found eight more in the dirt beside the driveway. Defendant said, “That is all there is.” Officer Stahl then searched the place where he had seen defendant kneeling and there found hidden under some debris a glass jar containing 160 capsules of
 
 *754
 
 heroin. When defendant said, right after his arrest, “That is all there is” he was asked, “How about the place where you just came from?” and he made no reply. In the kitchen of the apartment was a plastic sheet containing a glass medicine dropper and hypodermic needles. The defendant showed to Officer Stoops the location of this paraphernalia. The officers had no search warrant but the search of the house was made immediately after the arrest and the inference is that defendant consented to their entry into the kitchen. Later, at the police station, the defendant stated that all the articles in the glass jar (Exhibit 1) belonged to him.
 

 Appellant first argues that there was no reasonable or probable cause for his arrest. Manifestly this is without merit for the officers had convincing evidence that a felony was being committed in their presence and not merely a reasonable man’s honest and strong suspicion.
 
 (Cf. People
 
 v.
 
 Ingle,
 
 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577].)
 

 The claim, of unreasonable search and seizure is equally groundless. None of the things which occurred before entering the kitchen constituted a search. Entry upon the premises does not fall in that category.
 
 (People
 
 v.
 
 Montes,
 
 146 Cal.App.2d 530, 533 [303 P.2d 1064].) Certainly, picking up 11 capsules from the ground was not a search.
 
 (People
 
 v.
 
 Murphy,
 
 173 Cal.App.2d 367, 377 [343 P.2d 273].) Examining the hole in the ground wherein defendant had hidden his store of narcotics was not an invasion of his right; it was but a reasonable search incident to a lawful arrest. The same is true of a search of defendant’s kitchen, which fact is emphasized by defendant’s consent to the entry.
 
 (People
 
 v.
 
 Dixon,
 
 46 Cal.2d 456, 458-459 [296 P.2d 557].) Moreover, the stipulation that all evidence received at the preliminary hearing and that all exhibits there received in evidence “be binding in full force and effect for this proceeding,” without the reservation of any objection to same, effected a waiver of any objection.
 
 (People
 
 v.
 
 Rollins,
 
 161 Cal.App.2d 560, 565 [326 P.2d 938] ;
 
 People
 
 v.
 
 Decker,
 
 155 Cal.App.2d 165, 169-170 [317 P.2d 135];
 
 People
 
 v.
 
 Williams,
 
 172 Cal.App.2d 345, 347 [341 P.2d 741].)
 

 The claim of suppression of evidence through failure to disclose the identity of an informer is without support in the record. Appellant complains of the sustaining of objections propounded by his attorney to prosecution witnesses which were designed to disclose the existence of one or more
 
 *755
 
 informers. There was no error in this. Had the fact of an informer been developed the inquiry could have gone no further, for it plainly appears that he did not participate in the crime, the arrest or any of the other pertinent events. At best he could have been one who pointed the finger of suspicion at defendant and hence his identity was an immaterial matter.
 
 (People
 
 v.
 
 Hollins,
 
 173 Cal.App.2d 88, 92 [343 P.2d 174] ;
 
 People
 
 v.
 
 Williams,
 
 175 Cal.App.2d 774, 776-777 [1 Cal.Rptr. 44] ;
 
 People
 
 v.
 
 Gardner,
 
 177 Cal.App.2d 43, 46 [1 Cal.Rptr. 830].)
 

 There was no error in receiving evidence concerning Shonan and the fact of his being a narcotic addict. He arrived at defendant’s house only a few minutes before defendant made his second trip to his cache of heroin, immediately returning to the apartment. The evidence was received as part of the showing of probable cause and clearly was competent for that purpose; it was circumstantial evidence tending to show that defendant was in possession of narcotics, probably engaged in selling the same. The specific objection is directed at testimony of Officer Stahl to the effect that he knew Shonan to be a narcotic addict and saw him on the occasion in question in the area where defendant was, but not in his company. The overruling of the objection was proper for the fact of association with known users of narcotics is relevant to the question of probable cause. (See
 
 People
 
 v.
 
 Hollins, supra,
 
 173 Cal.App.2d 88, 93;
 
 People
 
 v.
 
 Taylor,
 
 176 Cal.App.2d 46, 51 [1 Cal.Rptr. 86].)
 

 Appellant also complains of the testimony of the same witness, Stahl, that he knew prior to arresting him that defendant had been convicted of possession of heroin on a former occasion. This evidence was also received in furtherance of proof of probable cause and properly so.
 
 (People
 
 v.
 
 Hollins, supra,
 
 173 Cal.App.2d 88, 93;
 
 People
 
 v.
 
 Taylor, supra,
 
 176 Cal.App.2d 46, 51-52 [1 Cal.Rptr. 86].)
 

 Judgment affirmed.
 

 Fox, P. J., and Richards, J. pro tern.,
 
 *
 
 concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.