[Crim. No. 7273. Third Dist. Apr. 24, 1974.]

In re JAMES EDWARD GRIFFIN on Habeas Corpus.

## Counsel

James Edward Griffin, in pro. per., Job J. de Bruin, under appointment by the Court of Appeal, and Smith, de Bruin & Yee for Petitioner.

Evelle J. Younger, Attorney General, Joel Carey and Anthony L. Dicce, Deputy Attorneys General, for Respondent.

## OPINION

**FRIEDMAN, J.—■■** Disposition of this habeas corpus proceeding is controlled by *In re Yurko,* 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]. (See also, *In re Foss,* 10 Cal.3d 910, 930 [112 Cal.Rptr. 649, 519 P.2d 1073]; *In re Stewart,* 10 Cal.3d 902 [112 Cal.Rptr. 520, 519 P.2d 568].) That decision holds that in arraignments taking place after the date of the decision's filing (March 7, 1974) a defendant's admission of a prior felony conviction is invalid unless the arraigning court informs him of the constitutional rights waived by his admission and of the effect of his admission upon his sentence and parole eligibility. *In re Yurko* is prospective only (10 Cal.3d at pp. 865-866) and has no application to charges of prior convictions where the defendant's admission occurred before March 7, 1974.

In this habeas corpus proceeding, defendant attacks the extension of his minimum term caused by his conviction of heroin possession in Sacramento County with eight prior convictions suffered in Fresno County. The Sacramento County judgment was entered August 6, 1971. The Fresno priors were alleged to have occurred on December 27, 1961.

In the Sacramento County proceeding, a jury was impaneled, then temporarily excused.[1] Petitioner was before the court with counsel. ■■■ He denied the prior Fresno County convictions and objected to evidence of the Fresno County judgment on two grounds: first, that all eight convictions were included in a single criminal judgment and in law constituted but one prior conviction; second, that the judgment was invalid in that petitioner's court-appointed Fresno attorney had provided inadequate representation.[2] The court then heard evidence, consisting of defendant's testimony on direct and on cross-examination. It appeared that the Fresno judgment was based on a series of separate narcotics transactions committed over a period of months. The court found that defendant had failed to show inadequate representation and declared that it would admit the evidence of the prior convictions if offered. At that point defendant's attorney stated that the defense chose to admit the

---

[1]Following his 1971 conviction in Sacramento County, petitioner took an appeal to this court (*sub nom.* People v. Griffin and Bussey, 3 Crim. 6452). We take judicial notice of the record in that appeal including the reporter's transcript of the proceedings in the superior court.

[2]Where a defendant is charged with a crime and a prior conviction of a felony, he may show that he was denied the right to counsel in the prior trial and thereby eliminate the effect of that conviction. (Witkin, Cal. Criminal Procedure (1973 Supp.) § 359B.)

Fresno County prior convictions. Defendant then admitted each of eight convictions. The court did not administer the admonition described in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

 In support of his habeas corpus petition, petitioner argues that his admission of prior convictions was invalid for want of a record showing admonitions by the court conforming to the *Boykin* and *Tahl* decisions. Inasmuch as petitioner's admission of prior convictions occurred before March 7, 1974, the date of *In re Yurko,* he is not entitled to relief.

Because the instant petition for habeas corpus was briefed and argued prior to the *Yurko* decision, we anticipate an argument that petitioner might have made had he been able to brief the case in the light of *Yurko.* He might contend that the prospective character of the *Yurko* ruling could not deprive him of a federal constitutional right antedating *Yurko.* He would argue that his case falls within *Boykin-Tahl* requirements antedating *Yurko,* because his admission of prior convictions was the "functional equivalent" of a plea of guilty, which may be sustained only upon the basis of a record showing intelligent waiver after admonitions conforming to *Boykin* and *Tahl.* The "functional equivalent" phraseology is extracted from *Wright* v. *Craven* (9th Cir. 1972) 461 F.2d 1109. There the court held that "under California/ law an admission by a defendant of prior felony convictions, where those convictions are to be used to enhance his sentence on the present offense, is the 'functional equivalent' of a plea of guilty to a separate charge, and, therefore, it may not be accepted unless the defendant understands the consequences of the admission." (See also, *Cancino* v. *Craven* (9th Cir. 1972) 467 F.2d 1243, 1247.)

State courts are the final expositors of state criminal statutes and procedure. (*Brady* v. *Maryland,* 373 U.S. 83, 90 [10 L.Ed.2d 215, 220, 83 S.Ct. 1194].) Under settled California case law, the charge of a prior offense is material only to punishment and is not an element of the substantive offense charged in the accusatory pleading. (*In re McVickers,* 29 Cal.2d 264, 271 [176 P.2d 40]; *Gonzalez* v. *Municipal Court,* 32 Cal. App.3d 706, 710-711 [108 Cal.Rptr. 612].) Existence of a prior conviction is a fact to be determined solely as one issue in the trial of the current offense. (*In re Yurko, supra,* 10 Cal.3d at pp. 862-863; *People* v. *Franco,* 4 Cal.App.3d 535, 540-541 [84 Cal.Rptr. 513].) The admission of a prior conviction bears certain obvious comparisons to a plea of guilty to a substantive offense. Nevertheless, it is not the "functional equivalent" of a plea of guilty to a substantive offense; rather, it is simply a concession or stipulation of an allegation of fact which the prosecution would other-

wise have to prove as it does other facts in issue. In a criminal case a defendant, through counsel, may stipulate to a fact in issue, thereby eliminating the necessity of proof of that fact on the part of the prosecution. (*People* v. *Escobosa*, 179 Cal.App.2d 751, 754 [3 Cal.Rptr. 917].) Courts should not let metaphorical phrases (e.g., the "functional equivalent" phrase) lead them into postulating the *Boykin-Tahl* admonition as an indispensable precondition to a stipulation of fact in a criminal case. In any event, the *Yurko* decision of the California Supreme Court manifests a refusal to identify an admission of prior convictions as the equivalent of a plea of guilty for the purpose of invoking the *Boykin-Tahl* rule prior to March 7, 1974.

Another aspect of this case should be noted. As we pointed out initially, the record shows that defendant did not admit the prior convictions until he had first denied them and received an evidentiary hearing bearing upon their validity. After the defendant objected to evidence of the prior convictions, the court heard defendant's testimony on direct and on cross-examination in support of his claim of invalidity. Only after the court found that defendant had failed to show inadequate representation and declared that it would admit the prior convictions if offered in evidence, did defendant's attorney state that the defense would admit the priors.

This case, then, diverges in an important respect from *Boykin* and *Tahl*. In those cases the accused pleaded guilty (i.e., he waived his right to contest the incriminating charge) without first utilizing that right. Here he utilized his right to contest the allegation; only after being defeated did he indulge in an admission. The admission was made for the obvious purpose of keeping the prior convictions from the jury's knowledge. (See Pen. Code, § 1025, last sentence.) It was hardly a "waiver" of the rights enumerated in *Boykin* and *Tahl,* for he had asserted these rights (insofar as applicable to an allegation of prior convictions) and did not really waive them at all. A substantial argument could be made for the proposition that after the defendant has unsuccessfully invoked his rights, the *Boykin-Tahl* admission of his rights serves no useful purpose and need not be made. We know of no comparable case in the *Boykin-Tahl* progeny. In any event, *In re Yurko, supra,* requires denial of relief here, and we need not decide whether the *Boykin-Tahl* rule would otherwise apply.

■ The provisions of former section 11500, Health and Safety Code, and its successor, section 11352, precluding release of repeat offenders on parole for 10 years and 15 years, respectively, are invalid as a violation of the cruel and unusual punishment provision of article I, section 6, of

the state Constitution; nevertheless, petitioner's indeterminate sentence of 15 years to life remains valid. (*In re Foss, supra,* 10 Cal.3d at p. 917.)

In view of the invalidity of the parole restriction in former section 11500, the Adult Authority is directed to grant parole consideration to petitioner at such time as is otherwise appropriate under the laws of this state. Petitioner is not entitled to release, however, until such time as the Adult Authority duly determines that he is eligible for parole under the 15-year to life term validly imposed under section 11500. The order to show cause is discharged and the writ of habeas corpus denied.

Regan, Acting P. J., and Janes, J., concurred.

A petition for a rehearing was denied May 10, 1974, and petitioner's applications for a hearing by the Supreme Court were denied June 19, 1974.