Filed 5/2/14  P. v. Fischer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JAMES DAVID FISCHER,<br><br>    Defendant and Appellant. | C070860<br><br>(Super. Ct. Nos. 11F01383 &<br>11F02970) |

In a bifurcated trial, a jury convicted defendant James David Fischer of seven counts of first degree residential burglary.  Defendant waived a jury trial regarding an allegation that he had a prior juvenile adjudication that qualified as a strike.  Following a bench trial, the trial court found the allegation true, making defendant eligible for

1

enhanced punishment under the three strikes law.  (Pen. Code, §§ 667, subds. (b)(i), 1170.12).[1]

Defendant now contends:  (1) in deciding that defendant was the person identified in certain juvenile court records, the trial court improperly relied on a document that was not in evidence; and (2) defendant's trial counsel rendered ineffective assistance by failing to object to the trial court's reliance on the document that was not in evidence.

We conclude (1) defendant forfeited his first contention because he did not object on that basis in the trial court; and (2) defendant has not demonstrated deficient representation by his trial counsel or resulting prejudice.  Accordingly, we will affirm the judgment.

## BACKGROUND

Our recitation of the background is limited to the circumstances relevant to defendant's appellate contentions.

An amended information alleged that defendant had been adjudicated of violating section 245, subdivision (a)(1)[2] (assault with a deadly weapon) with a great bodily injury enhancement (§ 12022.7, subd.(a))[3] on April 15, 2002, in Orange County Juvenile Court

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 245, subdivision (a)(1) provided that any person who committed an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding $10,000, or by both the fine and imprisonment.  (Stats. 1999, ch. 129, § 1, p. 1781.)

[3] At the time of the offense, section 12022.7, subdivision (a) provided that any person who personally inflicted great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years, unless infliction of great

2

case No. DL008442-003. It was alleged that the prior adjudication made defendant eligible for enhanced punishment under the three strikes law.

The People submitted People's exhibit 67A in support of the prior strike allegation. That exhibit consists of certified copies of Orange County Superior Court records concerning an individual named James David Fischer with the birthdate of November 11, 1985. Included in exhibit 67A is a petition in Orange County Juvenile Court case No. DL008442-003, which alleged that James David Fischer, with a birthdate of November 11, 1985, committed attempted, deliberate, premeditated murder and assault with a deadly weapon, namely a knife. In connection with the assault with a deadly weapon charge, it was alleged that James David Fischer personally inflicted great bodily injury upon the victim, and that the offense was a serious felony. Also in People's exhibit 67A is a minute order in case No. DL008442-003, stating that James David Fisher admitted the count 2 charge of assault with a deadly weapon, along with the enhancement allegation of personal infliction of great bodily injury. The juvenile court found the count 2 allegations to be true beyond a reasonable doubt, declared the minor a ward of the juvenile court, and committed him for seven years to the Department of the Youth Authority.

The trial court said there was "plenty" to support the prior strike allegation against defendant because the name of the juvenile, the date and county of the adjudication, and the offenses identified in People's exhibit 67A matched the allegations of the amended information in this case. The trial court noted the improbability that the person named James David Fisher in case No. DL008442-003 was not defendant. However, the trial court wanted to match the date of birth of the person referenced in case No. DL008442-003 with defendant's birthdate, which it noted is November 11, 1985. The prosecutor

bodily injury was an element of the offense of which he or she was convicted. (Stats. 1995, ch. 341, § 1, p. 1851.)

3

pointed the court to a page in People's exhibit 67A with birthdate information. The exhibit showed the minor in case No. DL008442-003 had the birthdate of November 11, 1985.

Defendant did not object to any evidence before the trial court or to the trial court's consideration of any particular evidence or information. In addition, defendant did not present any evidence or argument contesting that his birthdate is November 11, 1985, or that he and the individual referenced in case No. DL008442-003 were not the same person. Rather, he conceded those facts in a document filed in the trial court and in his statement at the sentencing hearing. The trial court found the prior strike allegation to be true. It then sentenced defendant to the midterm of four years on count 1 with consecutive one year four month sentences on counts 2 through 7, doubled for the prior strike conviction. Defendant received an aggregate prison term of 24 years.

DISCUSSION

I

Defendant contends the trial court erred in relying on an unidentified document that was not in evidence to find that defendant was the person who suffered the prior juvenile adjudication reflected in People's exhibit No. 67A.

Section 667 provides for the enhancement of sentences for habitual criminals. Subdivision (a)(1) of that statute stated, "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1); Stats. 1994, ch. 12, § 1, pp. 71-72.) A prior juvenile adjudication constituted a prior serious felony conviction for purposes of section 667 if: the juvenile was 16 years of age or older at the time he or she committed the prior offense; the prior offense was listed in Welfare and Institutions Code section 707, subdivision (b) or described in section 667, subdivision (d)(1) or (d)(2) as a serious and/or violent felony;

4

the juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law; and the juvenile was adjudged a ward of the juvenile court because he or she committed an offense listed in Welfare and Institutions Code section 707, subdivision (b). (§ 667, subd. (d)(3); Stats. 1994, ch. 12, § 1, pp. 73-74.)

The People must prove each element of a section 667 enhancement beyond reasonable doubt. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.) Evidence other than the record of conviction and certified prison records may be used to establish the fact of a prior conviction, i.e., that someone suffered a prior conviction, so long as the evidence satisfies applicable rules of admissibility. (*People v. Martinez* (2000) 22 Cal.4th 106, 116; *People v. Scott* (2000) 85 Cal.App.4th 905, 912.) "A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense." (*People v. Delgado, supra,* 43 Cal.4th at p. 1066.)

Here, People's exhibit 67A, which is a certified copy of the adjudication record, shows that a James David Fischer whose birthdate is November 11, 1985, was adjudicated on April 15, 2002, of committing assault with a deadly weapon and personally inflicting great bodily injury upon the victim. Defendant does not claim that the April 15, 2002, adjudication does not involve a serious felony within the meaning of section 667. He also does not contend it was improper for the trial court to consider People's exhibit 67A.

Defendant argues instead that the trial court erred in considering a document that was not in evidence. But defendant forfeited his claim by not raising the objection in the trial court. (*People v. Mendoza* (1986) 183 Cal.App.3d 390, 402 [challenge to identity not raised in the trial court is forfeited].)

The purpose of the forfeiture rule is to encourage parties to bring errors to the attention of the trial court so that any error may be corrected and an adequate record may

5

be developed for appellate review. (*People v. Dowl* (2013) 57 Cal.4th 1079, 1087-1088; *People v. Williams* (2008) 43 Cal.4th 584, 624; *In re Sheena K.* (2007) 40 Cal.4th 875, 881.) Here, the trial court did not state where it obtained the information that defendant's birthdate is November 11, 1985. Defendant claims the trial court consulted some unidentified document. The Attorney General claims the trial court relied on information in its file -- minute orders, defendant's brief, and the probation report -- all of which stated defendant's birthdate. If defendant had objected in the trial court, the trial court could have easily stated on the record what document it was looking at when it determined defendant's date of birth, and the People would have had an opportunity to develop a factual record in support of its allegation concerning defendant's birthdate. Forfeiture is appropriate under these circumstances.

In any event, defendant's claim must be rejected on the merits because defendant conceded he was born on November 11, 1985, in a brief filed with the trial court ten days before the prior-strike trial. In that brief, defendant did not dispute that he suffered a juvenile adjudication on April 15, 2002.

Moreover, defendant did not retract the concessions at the trial. He did not object when the trial court said his date of birth is November 11, 1985. He also did not present any evidence that he was born on a date other than November 11, 1985. And when the trial court asked whether defendant was 16 when he stabbed an individual, resulting in the juvenile adjudication, defense counsel answered in the affirmative.[4] A fact that is admitted or conceded by the defendant need not be proved at trial. (*People v. Peters* (1950) 96 Cal.App.2d 671, 675, 677; see also *People v. Thomas* (1986) 41 Cal.3d 837,

---

[4] If defendant was born on November 11, 1985, he would have been 16 years old on March 26, 2002, the date of the offenses described in the petition in Orange County Juvenile Court case No. DL008442-003. We also note that in his statement at the April 2012 sentencing hearing, defendant spoke of his prior strike which he said occurred 10 years ago and for which he was "incarcerat[ed]" for six or seven years.

6

845; *In re Griffin* (1974) 39 Cal.App.3d 279, 282-283.) The trial court said at the beginning of the trial on the prior strike allegation that it had considered defendant's brief. Defendant has not demonstrated error or prejudice under any standard because he conceded that he was born on November 11, 1985, which is the same birthdate as the person who suffered the April 15, 2002 juvenile adjudication.

In addition to the other points of comparison listed by the trial court, defendant's birthdate showed beyond a reasonable doubt that he was the person referenced in the Orange County juvenile case. The trial court noted that defendant and the individual referenced in People's exhibit 67A shared the same name. "[I]n the absence of countervailing evidence, . . . identity of person may be presumed, or inferred, from identity of name." (*People v. Mendoza, supra,* 183 Cal.App.3d at p. 401, italics omitted; *People v. Theodore* (1953) 121 Cal.App.2d 17, 28; *People v. Williams* (1932) 125 Cal.App. 387, 388.) No counterveiling evidence was presented in this case. A prior strike finding can be based on a comparison of the names and ages of and the identity of the crimes committed by the defendant and the person shown in the record of prior court proceedings. (*People v. Garcia* (1970) 4 Cal.App.3d 904, 911-912.)

II

Defendant also raises an ineffective assistance of counsel claim. He argues that if his trial counsel had objected to the trial court's use of facts not in evidence, the objection would have been sustained.

To establish ineffective assistance of trial counsel, defendant must prove (1) that trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficiency resulted in prejudice to the defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389; *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].) We review trial counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing

7

the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. (*People v. Maury, supra*, 30 Cal.4th at p. 389; *Strickland v. Washington*, *supra*, 466 U.S. at p. 689 [80 L.Ed.2d at pp. 694-695].) "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.]" (*People v. Maury, supra*, 30 Cal.4th at p. 389.) "To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. [Citation.] Moreover, prejudice must be affirmatively proved; the record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*Ibid.*) It is not enough for defendant to show that errors had some conceivable effect on the outcome of the case. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.) Defendant must show a reasonable probability of a more favorable result. (*Id*. at pp. 217-218; *Strickland v. Washington, supra*, 466 U.S. at pp. 693-694 [80 L.Ed.2d at pp. 697-698].)

There is a justifiable reason for defense counsel's failure to object in the trial court: there was no basis for denying that defendant was born on November 11, 1985, or that defendant was the person who suffered the April 15, 2002 juvenile adjudication. Instead of challenging identity, defendant's trial counsel sought to have the April 15, 2002 prior stricken, arguing that defendant was only 16 years old when he committed the prior, the 2002 prior was nine years old when defendant committed the present offenses, and defendant had only one conviction (a misdemeanor) between the time of the 2002 prior and the commission of the current offenses. Alternatively, defense counsel asked the trial court to strike the 2002 prior as to some of the subordinate sentences. Defendant and his counsel also sought leniency, asking the trial court to impose an aggregate prison

term of less than the maximum term of 28 years.  This tactic proved successful because although the trial court denied defendant's motion to strike the prior, it sentenced defendant to less than the maximum term.  Defendant has not demonstrated deficient assistance from his trial counsel.

In addition, defendant has not established that but for his trial counsel's failure to object he would have obtained a more favorable outcome.  As we have explained, defendant conceded his date of birth and the fact that he suffered the April 15, 2002 juvenile adjudication.  In addition to defendant's concessions, there was "plenty" to support the prior strike allegation against defendant even without looking at the date of birth, as the trial court noted.

Accordingly, defendant's claim of ineffective assistance lacks merit.

DISPOSITION

The judgment is affirmed.


                                                                    MAURO                    , J.


We concur:


                    BLEASE                    , Acting P. J.


                    MURRAY                    , J.


9