[Crim. No. 4439. In Bank. Mar. 1, 1943.]

THE PEOPLE, Respondent, v. LOUIS ARBY HUSTON, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

EDMONDS, J.—The appellant was convicted of violating section 288 of the Penal Code upon a trial which followed the reversal of a similar judgment of conviction for the same offense. (*People* v. *Huston,* 45 Cal.App.2d 596 [114 P.2d 607].) He has again appealed from the judgment and also from an order denying his motion for a new.trial.

The complaining witness, an eleven year old girl, was one of a number of children who attended parties given by Hus-

ton. At these parties games were played which required the loser to kiss him as a forfeit. He had written notes to the complainant and received notes from her. He had also given her things to eat and, on several occasions, had taken her to a moving picture theatre. At different times, according to her testimony, he kissed parts of her body. Testifying in his own behalf, the appellant admitted his actions in the games but denied that he had done any of the other things related by the child.

Upon the first trial, the court allowed the prosecution to offer evidence tending to prove acts of Huston with minors other than the prosecuting witness when she was not present. There was evidence concerning advances he made to a child and the testimony of another girl that, as a forfeit for a game which he played with her, she was required to kiss him. The admission of that evidence, said the District Court of Appeal in reversing the judgment, constituted prejudicial error.

When the case was again called for trial, Huston waived the right to a jury, and his counsel stipulated to submit the case upon the transcript of the previous trial and that of the preliminary hearing. This stipulation included the qualification that the trial judge eliminate from his consideration those portions of either transcript relating to the evidence which the District Court of Appeal held was inadmissible, and also the testimony of any child relating to acts or conduct of Huston when the complaining witness was not present. However, Huston reserved the right to call any additional witnesses, to testify in his own behalf or to cross-examine the complaining witness.

At a later date, the trial judge stated that he had read both of the transcripts and considered all of the evidence shown by them, with the exception of the testimony which the District Court of Appeal had criticized. The prosecuting witness was called and cross-examined concerning the acts upon which the prosecution is based, and the appellant explained the circumstances under which he met the little girl on various occasions. He again denied that he, at any time, kissed her body.

In stating the reasons why he adjudged Huston guilty, the trial judge pointed out that cases of this kind present many difficulties because they involve children of immature years and frequently of immature mentality. And because

the testimony of the child does not require corroboration, the trier of fact has a very grave responsibility. But the evidence as to the relations of Huston and the complaining witness, he said, show an unnatural and clandestine association between them. And he pointed out that there is no evidence of any motive which would induce either the girl or her mother to falsify. On the contrary, the circumstances surrounding the case indicate that the appellant's reactions are not those of a normal mature man.

The first point presented by the appellant as justifying a reversal of the judgment is that the evidence is insufficient because the testimony of the witnesses for the prosecution is inherently improbable. And he urges that because a man prosecuted for committing an offense of the kind charged against him usually has no defense except his denial, contradictions and inconsistencies in the evidence are of particular importance in determining whether a crime was committed.

Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (*Kidroski* v. *Anderson,* 39 Cal.App.2d 602, 605 [103 P.2d 1000].) To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. *(Back* v. *Farnsworth,* 25 Cal.App.2d 212, 219 [77 P.2d 295]; *Lufkin* v. *Patten-Blinn Lumber Co.,* 15 Cal.App.2d 259, 262 [59 P.2d 414]; *Agoure* v. *Spinks Realty Co.,* 5 Cal.App.2d 444, 451 [42 P.2d 660]; *Hughes* v. *Quackenbush,* 1 Cal.App. 2d 349, 354, 355 [37 P.2d 99]; *Powell* v. *Powell,* 40 Cal.App. 155, 158, 159 [180 P. 346].) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*Hicks* v. *Ocean Shore Railroad, Inc.,* 18 Cal.2d 773, 781 [117 P.2d 850].)

Unquestionably the trial judge followed this rule when considering the evidence against the appellant for he analyzed the testimony of the little girl in determining whether reliance could be placed upon it. Generally speak-

ing, he said, the statements which she made at different times did not vary particularly as to what Huston did, or the manner in which it was done. There are discrepancies in her story, he continued, but they are not such as to vitiate it. And the fact that some of the acts are said to have been committed when she visited him in a room where there was "just the possibility of interruption" does not make it incredible that such a thing could happen. Upon a review of the entire record, there is no basis for a contrary conclusion by an appellate court.

As a second ground for reversal, the appellant claims that the admission of certain evidence constitutes prejudicial error. He points to the testimony of the complaining witness as shown by the record of the first trial. Concerning a conversation when her mother took her to the sheriff's office, she was asked whether she said something "by way of telling them what this defendant had been doing to you." Following an affirmative reply which was given before counsel's objection to the question was made and overruled, the district attorney inquired as to what she told them. An objection to this question was sustained and it was not answered.

The fact that the prosecutrix made a complaint is always admissible as original evidence, but testimony concerning the details as then given, or the name of the person accused, is hearsay. (*People* v. *Adams,* 14 Cal.2d 154, 159 [93 P.2d 146].) The only objectionable portion of the answered question is the reference to the defendant. Although it would have been better had the district attorney identified the complaint as being related to the matter under inquiry without reference to a particular person, as the court refused to allow the witness to testify concerning what she told the officers, the ruling, even if erroneous, was not prejudicial. (*People* v. *Porter,* 48 Cal.App. 237, 241, 242 [191 P. 951].)

The court also committed prejudicial error, says the appellant, in receiving testimony of another young girl concerning complaints made to her mother in regard to Huston's actions. This evidence, however, is part of that which the trial court judge, following the stipulation of the parties, excluded from consideration in rendering the judgment from which the present appeal is prosecuted.

Finally, says the appellant, the court convicted him upon evidence concerning a kissing game which was allegedly played by Huston when the complaining witness was

present although there is no testimony showing that she was kissed at that time. He concedes, upon the authority of *People* v. *Hunt,* 17 Cal.App.2d 284 [61 P.2d 1208], and *People* v. *Anthony,* 185 Cal. 152 [196 P. 47], that the evidence would be admissible if the complaining witness had been kissed during the game, but claims that the rule does not allow testimony concerning conduct solely with third persons.

The record does not support his assertions concerning the evidence. It shows that a boy by the name of Holt attended only one party at which kissing games were played, and the challenged testimony refers to that party. According to the boy, three girls, including the complaining witness, were present when the kissing games began. All of the girls lost, he said, and had to kiss Huston. And on cross-examination he stated specifically that the complaining witness kissed Huston during the game, but that, because she was losing quite a bit, he began "cheating" for her. He also testified that the complaining witness kissed the appellant a "Hollywood, a little bit longer." One of the girls testified, also on cross-examination, that the complaining witness kissed the appellant during the game. And the other girl related that, during the same game, the complaining witness kissed the appellant five or six times.

The judgment and the order denying a new trial are, and each of them is, affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.