[Crim. No. 4437. Second Dist., Div. One. Aug. 18, 1950.]

THE PEOPLE, Respondent, v. WARREN LE BLANC, Appellant.

Jefferson & Jefferson, Bernard S. Jefferson and Martha Malone Jefferson for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

DRAPEAU, J.—The complaining witness was going to his hotel room, on East Fifth street in Los Angeles, near the old Southern Pacific station. He had been drinking. It was about 8 o'clock at night, and it was dark.

As he came to a street intersection, somebody struck him along the side of the head. Then somebody jerked through

his clothes, and took a notebook and cards, and a celluloid wallet. The wallet had in it a dollar bill which the witness had been saving to pay his room rent. He was dazed and frightened and did not know who his assailants were.

At the same time two police officers of the city of Los Angeles were passing by in a vehicle called the "drunk wagon." The officers saw two men at the intersection, standing next to the complaining witness, going through his pockets.

The officers went after the men. One of the men stood still, and was taken into custody by one of the officers. The other man, the defendant here, ran away, was pursued and captured.

On the trial the other defendant said he was going through the victim's pockets to find out where he lived; "to show him the way to go home."

Defendant, appellant here, testified that he was drinking wine on the sidewalk, knew that it was wrong; that he did not touch the complaining witness or take anything from him; did not know the other defendant; and when he saw the officers coming he just "powered right out of there."

Trial by jury was waived, the trial court found the defendants guilty of robbery, second degree. Appellant had an admitted prior, and was sent to the penitentiary. From this judgment he appeals.

Appellant contends that the evidence was insufficient to prove the corpus delicti of robbery—that the information charges taking the notebook and cards, and not the celluloid wallet with the dollar bill in it.

Appellant also contends that the prosecution's case against him is inherently improbable, and that his conviction must have been the result of passion and prejudice.

With respect to the first contention: The complaining witness was asked if he had the notebook, and said he did; "I had that in my pocket." At the time of the arrest the other defendant threw the notebook and cards to the ground. Applying the theory of the case for the People, as we must, the possession of one defendant was the possession of the other, and evidence of appellant's guilt.

The two police witnesses testified they saw appellant, as well as the other defendant, going through the victim's pockets. When appellant was about to be arrested he fled. He made inconsistent statements: first, to the officers, that he was going through the man's pockets "to help him find a location that he wanted"; and secondly, on the trial he denied making any such statement. Appellant's conduct indicated consciousness

of guilt. (*People* v. *Cooper*, 81 Cal.App.2d 110 [183 P.2d 67].)

Though the property taken be of slight value, if the elements of robbery are present, the crime is made out. (*People* v. *Simmons*, 28 Cal.2d 699 [172 P.2d 18].)

With respect to appellant's second contention, of inherent improbability, passion and prejudice: What has been said sufficiently refutes this contention. No inherent improbability appears in the case, nor in the findings of the trial court.

Inherent improbability is established only when it is physically impossible for the facts to be true, or their falsity is apparent without resorting to inferences or deductions. (*People* v. *Huston*, 21 Cal.2d 690 [134 P.2d 758]; *People* v. *Lindsey*, 90 Cal.App.2d 558 [203 P.2d 572].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.