[Crim. No. 2724.  First Dist., Div. Two.  June 25, 1951.]

THE PEOPLE, Respondent, v. GUIDO CONSIGLI, Appellant.

Anthony S. Devoto for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, and Winslow Christian, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on an information charging a violation of section 288 of the Penal Code. Following a verdict of guilty defendant was sentenced on an order granting probation for a period of five years on condition that he be confined in the county jail for a period of 90 days and pay a fine of $250. He appeals from this order, from the judgment, and the order denying a new trial. The appeal is based on two grounds—the inherent improbability of the testimony of the prosecuting witness, and the failure to give a cautionary instruction relating to the testimony of another girl detailing another similar offense.

The prosecuting witness was a girl of 9 years. Before her testimony was taken she was carefully examined by the trial judge who ruled that she was competent. Briefly her story of the occurrence was that she and her two younger sisters had for some time been visiting in defendant's home at his invitation to watch his television. Frequently she sat beside the defendant on the davenport watching the pictures while her sisters and defendant's wife busied themselves in other parts of the house. She testified that on the night in question the defendant put one arm around her and with the other hand fondled her private parts. The defendant's explanation of the occurrence was that they were watching wrestling matches on the screen and that when those matches became exciting he inadvertently ''expressed his emotions'' by pressure upon the girl's legs. But the little girl testified that this pressure was always made underneath her clothing.

Appellant cites only *De Arellanes* v. *Arellanes,* 151 Cal. 443 [90 P. 1059]. Respondent cites *People* v. *Carlson,* 73 Cal.App.2d 933, 940 [167 P.2d 812]; *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]; and similar cases holding that there must be a physical impossibility that the testimony is true before a reviewing court may hold that it is inherently improbable.

Though appellant argues the ''improbability'' of the girl's testimony, it seems more likely that he relies on her contradictions and rambling statements as showing insufficiency in the evidence. But the trial court and the jury had the right to analyze her testimony and to determine what should be taken as true. In this they were aided by appellant's own testimony of the occurrence which was an admission of the essential elements of the offense charged.

To show the intent of the defendant the State offered the testimony of another girl, aged 8½ years, of a similar

offense committed at another time in the same room, on the same davenport, when a similar picture of a wrestling match was shown on the television screen exciting similar "emotions" on the part of the appellant. At the close of her testimony the proceedings were interrupted while the court gave the usual admonitory instruction that such testimony was offered and could be considered for the purpose of showing the intent of appellant alone. Appellant complains that the court failed to give the ancient maxim of Sir Matthew Hale relating to proof of charges of this character. Such an instruction was given covering the main case. There was no special call for a repetition here as the appellant was not on trial for an attack upon the second girl. The offense charged in the information must be proved to a moral certainty beyond a reasonable doubt. No such stricture is made on evidence of a similar offense. (*People* v. *Lisenba*, 14 Cal.2d 403, 430 [94 P.2d 569]; *People* v. *Albertson*, 23 Cal.2d 550, 579 [145 P.2d 7].)

The authorities cited by appellant holding that a cautionary instruction should be given in relation to the testimony of the prosecutrix do not support the theory that such an instruction should be given (without a request by the defendant) relating to the testimony of another witness covering a similar offense. The theory of the Matthew Hale maxim is that the prosecutrix in cases of this character might be induced to give false testimony of the occurrence knowing the defendant's difficulty in disproving the charge. But the similar offense does not have to be proved beyond a reasonable doubt, and if "sufficient to arouse more than mere suspicion; it must afford 'substantial evidence' that the prior offense was in fact committed by the defendant." (*People* v. *Albertson*, 23 Cal.2d 550, 579 [145 P.2d 7].) Such being the case it was incumbent upon appellant to have requested any further instruction desired relating to the other offense, and having failed to make such request, he cannot complain at this time. (*People* v. *Simeone*, 26 Cal.2d 795, 808 [161 P.2d 369].

Judgment and orders affirmed.

Goodell, J., and Dooling, J., concurred.