[Crim. No. 3474.   First Dist., Div. Two.   Apr. 21, 1958.]

THE PEOPLE, Respondent, v. JOSEPH VERNON SMALL,
Appellant.

Thomas L. Berkley and Frederic L. Harvey, Jr., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—The defendant, Joseph Small, appeals from a judgment of conviction entered on a jury verdict of guilty of possessing marijuana in violation of Health and Safety Code, section 11500. His sole contention on appeal is that the judgment should be reversed because of the insufficiency of the evidence.

The record reveals the following facts: Officer Gibeau of the San Francisco Police Department testified that on April 10, 1957, at about 1:15 p.m. he and Officer Dyer were investigating an assault which had occurred the previous day. As the officers drove by Jefferson Park they saw three men standing and talking in the park. One of these men (not the defendant) roughly answered the description of the assault suspect. Officer Dyer got out of the car and approached the three men while Officer Gibeau parked the car. Officer Gibeau then walked toward the men from the south, and heard Officer Dyer call to the men, who had started walking westward, to stop, and two of the men stopped, but the third, the defendant, who had a small dog, continued walking. Officer Gibeau called, "I am a police inspector. Stop, I want to talk to you," but the defendant continued to walk, then began to run and threw something into a clump of bushes. Officer Gibeau fired a shot after which the defendant stopped and was taken to the officers' car with Officer Dyer. Officer Gibeau returned to the clump of bushes, and among gum wrappers, leaves and other debris, found a wax paper with a rubber band containing thirty marijuana cigarettes. He showed this package to the defendant who denied throwing anything into the bushes.

The defendant, testifying in his own behalf stated that on the day in question he had been walking his small dog in the park. There he met and talked to two acquaintances, Mr. Wilson and Mr. McNear. He unleashed his dog and then ran after it to chase the other dogs away. He did not

see the officers as they approached or hear Officer Dyer until he heard a shot. He stated that he was running in pursuit of his dog and did not throw anything into the bushes. Mr. Wilson, testifying for the defendant, stated that Officer Dyer had flashed his badge and identified himself while he, the defendant and Mr. Prince were talking. He also stated that the defendant's dog which was loose, was being chased by other dogs and that the defendant was trying to catch his dog, and that he did not see the defendant throw anything into the bushes.

Defendant contends that his flight and other suspicious factors are not sufficient to sustain the conviction and that the evidence does not support the conclusion that he threw the package subsequently found in the bushes.

From the above it is clear that the jury heard testimony which conflicted on several important matters. The verdict indicates that the jury chose not to believe the defendant's version of the facts. ▮ The verdict of the jury cannot be set aside for insufficiency of the evidence unless it appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Daugherty*, 40 Cal.2d 876 [256 P.2d 911].) Defendant relies on *People* v. *Zammora*, 66 Cal.App.2d 166 [152 P.2d 180] to argue that the test is that the evidence is such that it can be said that no reasonable doubt of the defendant's guilt existed. In discussing this rule and that of the Newland case in *People* v. *Klinkenberg*, 90 Cal.App.2d 608 [204 P.2d 47, 613], the court said that the Zammora case was contrary to the firmly established rule of the Newland case. Defendant also cites *People* v. *Draper*, 69 Cal.App.2d 781 [160 P.2d 80], which is equally inapplicable here. It should also be pointed out that in both the Draper and Zammora cases there were numerous defendants, and the chief difficulty was establishing which defendant had committed the offense in question. Where the question is the sufficiency of the evidence to sustain the verdict, each case must be considered on its own facts. (*People* v. *Rascon*, 128 Cal.App.2d 118 [274 P.2d 899].)

Defendant's second contention is based chiefly on the following testimony of the prosecuting witness relating to the object which the officer saw the defendant throw into the bushes.

"THE WITNESS: A. It was white in color, and as I recollect,

it was about an inch in circumference, the part that I saw; it had mass, shape, and appeared to be an object.

. . . . . . . . . . . . .

"Mr. Hanley: Q. There were other objects—or were there, in the bushes, papers and things of that sort? A. There was debris, papers, leaves.

"Q. Did anything that you observed appear to have the shape or form of what you observed the Defendant to throw?

"Mr. Skillin: Just a minute. That is objected to as calling for an opinion and conclusion of the witness.

"The Court: The objection is sustained. You may rephrase the question, Mr. Hanley.

"Mr. Hanley: Q. Would you describe what you saw otherwise in the clump of bushes, Mr. Gibeau?

"The Court: You mean other than this Exhibit 1 for identification?

"Mr. Hanley: Q. Other than that, yes. A. Gum wrappers, white pieces of paper, such as advertisements of grocery stores that are placed at your door, small torn pieces of paper, white leaves—faded leaves.

"Mr. Skillin: I am sorry, I didn't hear the last.

"The Court: Faded leaves.

"Mr. Hanley: Q. Did you see anything which appeared to be white, about an inch in circumference, and as you described, a mass or substance? A. No, sir, I did not.

"The Court: That is, other than the exhibit?

"Mr. Hanley: Q. Other than the exhibit, yes, your Honor. Incidentally, Mr. Gibeau, concerning People's Exhibit No. 2-C for identification, that is the condition of the ground when we arrived yesterday for photographs, is that correct? A. That is correct.

"Q. I mean, there was no cleaning up or no throwing things in the bushes or anything of that type? A. No."

Defendant maintains that because People's Exhibit No. 1 is about four inches in circumference, the evidence does not support the conclusion that the package found in the bushes was thrown by the defendant. ▓▓ In *People* v. *Physioc*, 86 Cal.App.2d 650, the court pointed out at 652 [195 P.2d 23]: "It was a question of fact for the jury to determine from the foregoing evidence whether the match box the officer retrieved was the same one defendant had thrown." That rule applies in this case.

▓▓ Statements given by the witness who had been believed by the trial court can be rejected only if there exists a physical

impossibility that the statements are true or the falsity of the statements is apparent without resorting to inferences and deductions. (*People* v. *Huston*, 21 Cal.2d 690 [134 P.2d 758]; *People* v. *Lyons*, 47 Cal.2d 311 [303 P.2d 329]; *People* v. *Walker*, 154 Cal.App.2d 143 [315 P.2d 740].)

We think the jury could fairly infer from the testimony that the defendant threw a package into the bushes and that the package the officer picked up was the identical one which the defendant had thrown. Even though the defendant's testimony exculpates him, it is for the jury to say whether he will be believed. (*People* v. *Borrego*, 211 Cal. 759 [297 P. 17]; *People* v. *Ashley*, 42 Cal.2d 246 [267 P.2d 271].)

No prejudicial error appearing in the record before us the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied May 21, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1958.