[Crim. No. 7889.   Second Dist., Div. One.   July 30, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. INOCENCIO B. HERNANDEZ, Defendant and Appellant.

Inocencio B. Hernandez, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Raymond H. Momboisse and Richard Diebold Lee, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of the possession of heroin.

In an information filed in Los Angeles County on February 1, 1961, the defendant was charged with a violation of section 11500, Health and Safety Code, in that he did on January 5, 1961, have heroin in his possession. On February 6, 1961, the defendant, with court appointed counsel (public defender),

pleaded not guilty. A trial by jury was waived. Defendant was represented by counsel throughout the trial and was found guilty as charged. A motion for a new trial and an application for probation were denied. Defendant was sentenced and this appeal followed.

A résumé of some of the facts is as follows: at about 4 a. m. James Steele, a veteran police officer and one time member of the narcotics squad, went into an all-night motion-picture theatre on Broadway in Los Angeles. Steele had received word of complaints by theatre patrons with reference to the illegal sales of narcotics within the theatre. The officer had been told that sales were made by persons who moved about from seat to seat within the theatre and that these persons sometimes carried their narcotics in a sack.

The officer sat in the upper balcony, where he saw the defendant and another person enter the theatre through an exit door in the balcony. The officer saw the defendant sitting in one seat for a time and then getting up and moving to another seat, where he would remain for a few minutes and then move again. The defendant was stopped by the officer as the defendant was coming down to the foyer. The officer questioned the defendant about the paper sack he was carrying. Upon examination the sack was found to contain nothing except a whisk broom and some lunch crumbs.

The officer saw that the defendant's eyes were pinpointed. He further saw the defendant's right arm and observed a fresh needle mark thereon and at least one old needle mark. The defendant claimed the fresh mark was the result of a blood donation made to a blood bank; however he could not produce a blood-donor card. The officer formed the opinion that the defendant was under the influence of a narcotic and thereupon arrested him.

The officer took the defendant to a restroom in the theatre and there saw a yellow balloon protruding from the defendant's hair at a point behind his ear. The balloon was rolled up and tied into a small knot and contained gelatin capsules. The defendant said that the capsules were empty; however a chemist determined that such capsules contained heroin.

At the jail, where the defendant was searched, a cellophane package containing a hypodermic needle and medicine dropper was found partially hidden in defendant's buttocks. The defendant offered no explanation for the medicine dropper or the hypodermic needle.

Appellant now asserts that he was illegally arrested and

subjected to an illegal search and seizure, that the evidence was insufficient to sustain the conviction, that he was improperly charged by information rather than indictment, and that he was denied effective counsel of his own choice.

The recitation of the facts demonstrates that there was reasonable or probable cause for the officer to believe that appellant was committing an offense in his presence. The officer in effect had an interview with the appellant after watching his suspicious activities. This was proper. (*People v. Mendoza*, 145 Cal.App.2d 279, 283 [302 P.2d 340].) The officer saw that the appellant's eyes were pinpointed and that he had a fresh needle mark on his right arm and from his experience as a narcotics officer and otherwise he concluded that the appellant was then under the influence of a narcotic. Under the circumstances the officer could make an arrest without a warrant. (Pen. Code, § 836, subd. 1.)

The appellant was searched after he was placed under arrest. The search disclosed the yellow rubber balloon in appellant's hair which contained gelatin capsules which in turn contained some heroin. At the jail a further search brought forth the hypodermic needle and medicine dropper. The search was incident to a lawful arrest. (*People v. Winston*, 46 Cal.2d 151, 162 [293 P.2d 40]; *People v. Rodriguez*, 140 Cal.App.2d 865, 869 [296 P.2d 38].)

The evidence shows that the appellant had the physical possession of the drug in question. His record as a narcotic offender and other evidence provided the element of knowledge of the character of the substance and the unlawfulness of its possession. (*People v. Young*, 197 Cal.App.2d 129 [17 Cal.Rptr. 283]; *People v. Lucas*, 180 Cal.App.2d 723, 727 [4 Cal.Rptr. 798]; *People v. Lepur*, 175 Cal.App.2d 798, 801 [346 P.2d 914]; *People v. Hancock*, 156 Cal.App.2d 305, 312 [319 P.2d 731].)

The contention to the effect that the appellant should have been indicted rather than filed upon, as he was, is without merit. (*Kalloch v. Superior Court*, 56 Cal. 229; *Hurtado v. State of California*, 110 U.S. 516 [4 S.Ct. 111, 28 L.Ed. 232]; *People v. Zolotoff*, 48 Cal.App.2d 360, 365 [119 P.2d 745].)

The record in this case shows that counsel was properly appointed for the appellant at the trial and that he was ably represented under the circumstances. There is nothing in the record before this court which in anywise supports the view of appellant to the effect that he sought to dismiss the public defender as his counsel.

The defendant wrote a letter to the probation officer wherein he set forth, among other things, that he had been arrested many times for narcotic offenses, further that in the past he had been sentenced to jail terms, and upon being released was right back as a user. He frankly asked for the help of the probation officer and indicated that he understood there was some institution in the state where he might be sent for such help.

When the appellant made an application for counsel in this court the matter was given thorough attention. This court first directed the matter to the Committee on Criminal Appeals of the Los Angeles Bar Association. A report from a member of that committee indicates that the record was examined by him in its entirety and that "the most that can be said is that there is a conflict in evidence which was resolved against the appellant by the trier of the facts. The officer was believed and the appellant was disbelieved." And further it was stated that "no useful purpose could be served by appointing counsel for appellant in connection with his appeal."

The members of this court separately and jointly further considered the appellant's application for the appointment of counsel to represent him on the appeal and after having made an independent investigation of the record determined each for himself or herself that it would be neither advantageous to the appellant nor helpful to this court to have counsel appointed and none was appointed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 23, 1962, and appellant's petition for a hearing by the Supreme Court was denied September 27, 1962.