[Crim. No. 4252. First Dist., Div. Two. Apr. 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL L. PARENTI, Defendant and Appellant.

Paul L. Parenti, in pro per., and John F. Roake, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Edward P. O'Brien, Robert R. Granucci and Barry L. Bunshoft, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Defendant, Paul L. Parenti, appeals from a judgment of conviction for the possession of marijuana on October 31, 1961, in violation of section 11530 of the Health and Safety Code. The only contentions on this appeal are that the evidence does not support the judgment and that the judgment was obtained by perjured testimony. There is no merit in either of these contentions. After proper waiver of a trial by jury, appellant and his codefendant, Mike Valenti, were tried by the court.

Viewing the record most favorably to the judgment, it appears that on October 31, 1961, pursuant to a telephone call from a previously reliable informer, two inspectors of the Narcotic Bureau of the San Francisco Police Department went to room 403 of the Barclay Hotel in San Francisco. After one of the inspectors knocked on the door, the occupant, a woman, asked who it was and after a short exchange, the police officer identified himself. The occupant of the room asked them to wait until she was dressed. The officers heard the sound of movements in the room, including the sound of a toilet flushing and a window going up. A few minutes later, the door to the room was opened and the inspectors entered.

The appellant was standing on the far side of the room holding a Prince Albert tobacco can in his hand, which he was putting into his pocket. One of the officers approached the appellant and removed the tobacco can, which contained bulk marijuana as well as some "zig zag" paper used in the making of marijuana cigarettes. The officers also found a locker key on the person of the appellant. When questioned,

appellant indicated he had picked up the key from the table, as well as the can, just a few moments before the officers entered, after being asked to do so by the occupant of the room. Appellant first stated that the key belonged to him and fit his locker in the Greyhound Bus Depot in Oakland which contained his personal clothing. Subsequently, it was discovered that the key fit a locker in the Greyhound Bus Depot in San Francisco which contained a blue canvas bag in which were numerous bottles and vials of narcotics and drugs. However, as only the fingerprints of the codefendant, Mike Valenti, were found on the bottles in the blue canvas bag, the codeine charge based on this evidence was dismissed at the request of the district attorney.

Appellant's first argument is that the above evidence is not sufficient to support his conviction for possession of marijuana.

The uncontroverted evidence established that the appellant was found by the police officers with a can containing marijuana on his person. The fact that the appellant had possession of the can with knowledge of its contents may be established by circumstantial evidence (*People* v. *Rogers*, 207 Cal.App.2d 261, 268 [24 Cal.Rptr. 341]). Appellant contends that he did not know anything about the presence or contents of the tobacco can, and had the can in his hand when the police officers entered the room only because the occupant of the room had asked him to pick it up from the table.

As our Supreme Court stated in *People* v. *Redrick*, 55 Cal.2d 282 at p. 290 [10 Cal.Rptr. 823, 359 P.2d 255]: "The existence of possbile exculpatory explanations, whether they are simply suggestions not excluded by the evidence or even where they could be reasonably deduced from the evidence, could not justify this court's rejecting the determination of the trier of fact that defendant is guilty unless on appeal it 'be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' "

In the instant case, appellant's knowledge of the contents of the can could be inferred from the circumstances. The record indicates that the appellant admitted a prior federal narcotics offense. As to the truth of his story concerning the tobacco can, this was a matter of credibility solely for the trial court (*People* v. *Huston*, 21 Cal.2d 690 [134 P.2d 758]). The dismissal of the codeine charge indicates that the trial court believed the appellant's testimony that the locker

key belonged to the codefendant Valenti but did not believe the appellant's testimony about the tobacco can. Appellant's evasive answers to the police officers at the time of arrest and during his cross-examination at the trial, substantially support the conclusion reached by the court below (*People* v. *Redrick, supra; People* v. *Montero,* 200 Cal.App.2d 295, 299 [19 Cal. Rptr. 274] ; *People* v. *Bass,* 110 Cal.App.2d 281, 284 [242 P. 2d 685] ).

■ The second contention on appeal is that the judgment was based on perjured testimony. This contention is chiefly based on an affidavit of appellant's trial counsel which had been attached to his opening brief. This affidavit is not properly before the court as appellant failed to comply with rule 23(b) of the California Rules of Court* as the events occurred prior to judgment. The trial counsel apparently had notice of perjury at the time of cross-examining the codefendant but did not avail herself of the opportunity to move the court for a mistrial or a new trial nor apparently was the matter raised on a motion for a new trial.

Furthermore, the codefendant's testimony that there was no tobacco can of marijuana in the room until the appellant arrived was consistent with the fact that the tobacco can was found on the person of the appellant. ■ An appellate court may reject the positive testimony of a witness only when that testimony is inherently improbable (*People* v. *Huston, supra; People* v. *Norman,* 175 Cal.App.2d 348, 353 [346 P.2d 221] ). ■ Evidence which is unusual or inconsistent is not necessarily improbable (*People* v. *Braun,* 14 Cal.2d 1 [92 P.2d 402] ). In view of the above, there is no merit in this contention.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 4, 1963.

---

*Formerly Rules on Appeal, rule 23(b).