Filed 7/24/13  P. v. Mercado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047962 |
| v. | (Super. Ct. No. 12WF0078) |
| EZEQUIEL MERCADO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*                \*                \*

Appellant Ezequiel Mercado was convicted by a jury of violating California Vehicle Code section 2800.2 (reckless driving in evading a police officer).  The court sentenced him to two years and eight months (the low term) doubled for the prior serious

felony conviction he had admitted before trial, for a total of five years, four months' imprisonment.

Appellant filed an appeal, and we appointed counsel to represent him. Counsel did not argue against his client, but advised this court she could find no issues to argue on Appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed a brief which set forth the facts of the case and the only point counsel could imagine might support an appellate issue: sufficiency of the evidence. Appellant was given 30 days to file written argument in his own behalf and submitted a letter brief, which we discuss below.

We have considered the point raised by counsel, scoured the record – including the transcript of trial testimony – for other possible issues, and examined the arguments submitted by Appellant. We agree with appellate counsel's implied acknowledgment that the sentencing in the case was not legally objectionable. It was formally correct, and nothing about the low-term sentence, doubled for the serious felony conviction, seems to us to be disproportionate, given the seriousness of the offense. Turning to the merits of the case, we find abundant evidence to support Appellant's conviction, and find no merit in the issues raised by Appellant in his letter brief. We therefore affirm the judgment.

FACTS

Appellant drove down Trask Avenue in Garden Grove one night with his brights on. An oncoming police car spotlighted him – allowing the officer to see the driver, a light skinned male wearing a black beanie and brown hooded sweatshirt/jacket. But when the officer tried to stop the vehicle, it sped off. There followed a lengthy, high-speed chase. There is no question the driving satisfied the requirements of Vehicle Code section 2802. It was reckless, dangerous, and life-threatening. The issue at trial was whether it was Appellant doing the driving.

2

When the car finally pulled into a trailer park and stopped, somebody got out and ran. A helicopter officer testified he never lost sight of the driver and watched him run right to where the patrol officers arrested him. The patrol officer, on the other hand, testified he found Appellant hiding behind a trash dumpster and briefly chased him before detaining him. He said the man never ran toward him, an apparent contradiction of the helicopter officer's description. But he identified Appellant as the man he saw driving when he first spotlighted the car. In addition, a cell phone belonging to Appellant was found in the car and the chase ended when the driver jumped from the car in the trailer park where Appellant lived.

## DISCUSSION

There are a number of discrepancies in the police officers' testimony. Appellate counsel has pointed out several to us, and Appellant's letter brief emphasizes those and other instances he considers self-contradictory. Some, like the description of Appellant's apprehension, are significant. Others, like the fact the officer who found it testified the cell phone was on the floor of the car on the passenger side, but had earlier said it was on the floor on the driver's side, are not. But all were matters for the jury to sort out.

Appellate courts cannot reweigh the evidence. We do not see and hear the witnesses; we do not see their eyes or observe their body language. So the law has developed to say that "'doubts about the credibility of [an] in-court witness should be left for the jury's resolution.'" (*People v. Mayfield* (1997) 14 Cal.4th 668, 735.) "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.]" (*People v. Huston* (1943) 21 Cal.2d 690, 693.) Distilled to its essence, Appellant's argument "is actually asking us to *disbelieve* the witnesses' claims about what happened, on the ground that the surrounding circumstances, or other

3

evidence adduced in the case, makes those claims seem unworthy of belief. That we cannot do." (*People v. Ennis* (2010) 190 Cal.App.4th 721, 732.)

In this case, while there were plenty of conflicts in the testimony, Officer Ramirez, the patrol officer, identified Appellant as the man he had seen driving the car, Appellant's cell phone was found in the car, and the driver abandoned the car in the trailer park where Appellant lived. If Appellant was not the driver, fate certainly put him in the way of some amazing coincidences. Certainly there was enough evidence here to support Appellant's conviction.

Appellant next complains that the *Pitchess* hearing conducted by the court (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) was directed only at Officer Ramirez, the patrol officer, and not Officer Webber, the helicopter officer. But there was no reason the defense would want to question the veracity of the helicopter officer – his testimony supported Appellant. He testified to facts different from those testified to by the officer who identified Appellant as the driver and said he found him hiding by a dumpster. The defense wanted the jury to believe Webber's version of the facts – that the driver ran right toward the patrol cars – so anything negative in his personnel file would have undermined the defense case. There was no error in failing to conduct a *Pitchess* review of Officer Webber's personnel file.

Nor can we find reversible error in the absence of fingerprint evidence in the case. People are convicted every day without fingerprints or audio- or video-recordings of their crimes (two other things Appellant complains are lacking in his case). With a case this strong, it is not surprising no physical evidence was introduced. Appellant finds it suspicious that while the helicopter was equipped with video recording equipment of some sort, it was not used in his case. But that evidence was before the jury, and they do not appear to have found it persuasive.

Finally, Appellant asserts, "I would also like to mention that I should be allowed to appeal this case do [*sic*] to the ineffective assistance of [counsel]." This is

4

hardly sufficient to raise the issue, and the additional sentence Appellant devotes to it does not express *how* counsel was ineffective.  Our own review of the record does not suggest an inadequate assistance of counsel argument would have any chance of succeeding on appeal.

In fine, we cannot find any plausible issue for appeal.  Appellate counsel correctly analyzed this case and appropriately filed a *Wende* brief.  The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.