Filed 10/19/15  In re S.P. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E062438 |
| Plaintiff and Respondent, | (Super.Ct.No. INJ1400478) |
| v. | OPINION |
| S.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Devin Burstein, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY

On November 6, 2014, a juvenile court found true that defendant and appellant S.P. (minor) committed robbery under Penal Code[1] section 211 and resisted a peace officer under section 148, subdivision (a).

On November 20, 2014, the juvenile court adjudged minor a ward of the court, imposed probation "for such a period as deemed necessary by staff/probation officer," and released her to the custody of her parents.

On November 26, 2014, minor filed a timely notice of appeal. On appeal, minor claims that the juvenile court's true findings are not supported by substantial evidence. For the reasons set forth below, we shall affirm the judgment.

### B. FACTUAL HISTORY

On October 17, 2014, J.M. and his friend walked to the Palm Spring Boys and Girls Club after school. Minor and a male companion approached and asked them for money. When J.M. told minor that he did not have money and walked away with his friend, minor and her companion ran after J.M. and again asked for money. As J.M. turned around to face them, minor's companion punched him, and the two started

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

fighting. As the two were fighting, minor jumped on top of J.M. and began punching him as well. Her companion then told minor, "Grab his phone," and minor patted down J.M.'s body to look for his phone. At some point, a phone fell out of J.M.'s pocket.

A passerby then intervened, the parties separated, and minor and her companion walked away. J.M. noticed that his phone was missing. From a distance, with minor standing next to him, minor's companion yelled to J.M., "here, come and grab your phone," and appeared to throw the phone onto the ground. They then ran away. Though J.M. looked for the phone after minor and her companion ran away; he never found it.

The police arrested minor nearby; her companion got away. The responding officer handcuffed minor and asked for her name. Minor was combative, spat at the officer, and kicked dirt towards the officer. A second officer tried to calm minor and again asked for her name. Minor responded, "Fuck you, pig. I'm not telling you shit." The officers tried several more times to get her name, but minor gave the same response. When the officers then tried to get her into the police car, she tried to pull away and kick them. Approximately three hours later, the officers learned her name from minor's sister, when minor's sister called the police station.

## DISCUSSION

A.    THE COURT'S TRUE FINDING OF ROBBERY IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Minor contends that there was insufficient evidence to prove she intended to permanently deprive J.M. of his phone and that she feloniously took and carried away the phone. We disagree.

3

1. *LEGAL BACKGROUND*

"[I]n considering a claim of insufficiency of the evidence, appellant has a heavy burden in demonstrating that the evidence does not support the juvenile court findings. [Citation.] An appellate court must review the whole record in the light most favorable to the judgment in order to determine whether it discloses substantial evidence that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt." (*In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1136.) "We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence . . . ." (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275.) In addition, "we must make all reasonable inferences that support the finding of the juvenile court." (*Ibid.*) "If the circumstances reasonably justify the verdict, we will not reverse simply because the evidence might reasonably support a contrary finding. This standard applies to cases based on circumstantial evidence. [Citation.] The testimony of just one witness is enough to sustain a conviction, so long as that testimony is not inherently incredible. [Citation.] The trier of fact determines the credibility of witnesses, weighs the evidence, and resolves factual conflicts. . . . On appeal, we must accept that part of the testimony which supports the judgment." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 830.)

Section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." In general, robbery requires a specific intent to deprive the victim of his or her property permanently. (*In re Albert A.* (1996) 47

4

Cal.App.4th 1004, 1007; CALCRIM No. No. 1600.) That requisite intent, "although often summarized as the intent to deprive another of the property permanently, is [also] satisfied by the intent to deprive temporarily but for an unreasonable time so as to deprive the person of a major portion of its value or enjoyment." (*People v. Avery* (2002) 27 Cal.4th 49, 58.) Further, the requisite intent "'is rarely susceptible of direct proof and generally must be established by circumstantial evidence and the reasonable inferences to which it gives rise.'" (*People v. Jaska* (2011) 194 Cal.App.4th 971, 984.)

As for the felonious taking, "[t]he taking element of robbery itself has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165.)

## 2.  *MINOR INTENDED TO DEPRIVE J.M. OF HIS PHONE*

In this case, the evidence—that minor jumped onto J.M.'s back and punched him after he declined to hand over any money—showed that minor intended to take J.M.'s property. Minor then tried to find J.M.'s phone on his person after her companion told her to take it. J.M. testified that when minor jumped on him, her companion yelled, "'Get his phone. Get his phone.'" J.M. then felt minor trying to reach for his phone, which was in his pocket. J.M. testified that he felt minor's hand reaching "like on my body. Just trying to find where my phone is at." J.M. clarified that minor was patting his body all around looking for his phone. J.M. testified that his phone fell out of his pocket during the struggle he was having with minor and her companion. When J.M. stood up, he did not know where his phone was because he was busy checking if he was physically okay. As he was checking himself, he noticed that he could not find his phone. Moments

5

later, minor and her companion had possession of the phone. They taunted J.M. by telling him to come get his phone. J.M. then saw minor's companion throw the phone somewhere on the ground so J.M. could not find it, and run away. When J.M. went to the area where the phone was thrown, he could not find it. Based on these facts, the juvenile court could reasonably conclude that minor had the requisite intent to deprive J.M. of his property permanently or for a period of time so as to deprive him of his enjoyment or value.

Nonetheless, minor claims that the evidence showed that she and her companion did not personally take the phone off J.M.'s body, and even told him to come retrieve it. Therefore, she did not intend to deprive J.M. of the phone. Minor, however, ignores the evidence showing she and her companion caused themselves to come into possession of the phone, which had been on J.M.'s person. As provided above—minor's companion told minor to get J.M.'s phone, minor then patted J.M. down in an effort to retrieve his phone. Somehow, during their scuffle, the phone came out of J.M.'s pocket. Thereafter, minor's companion had possession of the phone. As they walked away with the phone without J.M.'s consent, they taunted him to come and retrieve his phone. As for their willingness to return the phone, minor and her companion never returned it. Instead, they threw it somewhere J.M. could not find it. Furthermore, even if a conflicting inference may be drawn from the evidence, a reviewing court may not reverse simply because the circumstances might also reasonably be reconciled with a contrary finding. (*People v. Burney* (2009) 47 Cal.4th 203, 253.) It is in the exclusive province of the trier of fact to determine the credibility of a witness and the truth or falsity of the facts upon which a

6

determination depends.  (*People v. Maury* (2003) 30 Cal.4th 342, 403, citing *People v. Huston* (1943) 21 Cal.2d 690, 693.)

Minor also argues that her intent could not be established under any aiding and abetting theory.  Specifically, she contends that there was no showing that her companion robbed J.M., hence, there was no one for her to aid and abet, and her own personal conduct did not show the requisite intent.  However, as discussed *ante*, the facts support the finding that minor's companion committed robbery.  Moreover, the facts support that minor committed all the acts necessary to constitute robbery.  (See *People v. Delgado* (2013) 56 Cal.4th 480, 486 [persons who "directly commit the act constituting the offense" are principals in any crime so committed].)

### 3.     *MINOR TOOK AND CARRIED AWAY J.M.'S PHONE*

Minor contends that there was insufficient evidence to support the finding that she took and carried away J.M.'s phone to satisfy the asportation requirement for robbery.  Again, we disagree with minor.

In this case, the evidence clearly showed that minor actively tried to gain possession of the phone by patting down J.M. as she was on top of him after her companion yelled at her to "Get his phone."  The phone apparently fell out of J.M.'s pocket during the physical struggle with minor.  Minor and her companion then took possession of the phone and walked away.

Notwithstanding this evidence, minor contends that she and her companion never took the phone.  Rather, it fell out of J.M.'s pocket, after which they offered it back to him and dropped it on the ground.  Although the finder of fact could have reached this

7

conclusion, it did not. That there might be an alternative interpretation of the evidence is of no import because it is for the fact finder, not the appellate court, to interpret the evidence. (*People v. Maury*, *supra*, 30 Cal.4th at p. 403.) Here, the evidence showed that the phone fell out of J.M.'s pocket because minor and her companion were roughing him up in search of the phone in order to take it from him. Just because the phone fell out of J.M.'s pocket before either minor or her companion physically took it out of J.M.'s pocket is of no avail. "To hold otherwise would permit robbers to avoid conviction by the expedient of having victims place their property on the ground and depart before the robbers pick it up. This is not the law." (*People v. Dominguez* (1992) 11 Cal.App.4th 1342, 1349.)

To the extent minor is arguing that she is not liable for the conduct of her companion, the court could reasonably infer that minor was also liable as an aider and abettor because she knew of her companion's intent to take the phone, shared that intent, and promoted the taking of the phone. (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1260.)

B. <u>SUBSTANTIAL EVIDENCE SUPPORTS THE JUVENILE COURT'S TRUE FINDING THAT MINOR RESISTED A PEACE OFFICER IN THE DISCHARGE OF HIS DUTIES</u>

Minor contends that her failure to give her name before her arrest and her failed physical resistance were insufficient to support the true finding that she resisted a peace officer. We disagree.

8

The legal elements of resisting arrest "are as follows: '"(1) the defendant willfully resisted, delayed, *or* obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties."'" (*Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 894-895, italics and boldface added.)

In this case, substantial evidence supports the juvenile court's finding that minor resisted a peace officer in the discharge of his duties. Specifically, after minor was handcuffed, she resisted the officers' attempts to get her into the police vehicle by pulling away and kicking them. Moreover, she refused to give her name even at the police station; the officers only learned her name when minor's sister called the station. Both minor's physical acts of resistance and her refusal to provide necessary information to booking more than support the true finding.

Notwithstanding, minor relies on *People v. Quiroga* (1993) 16 Cal.App.4th 961, to support her position that her failure to give her name does not support the true finding because her refusal occurred prior to any formal arrest.

The defendant in *Quiroga* was sitting on a sofa inside an apartment when police arrived to investigate a report of a noisy party. The odor of marijuana was present when the door of the apartment was opened, and one of the officers noticed what appeared to be a marijuana cigarette being passed around. (*Quiroga*, *supra*, 16 Cal.App.4th at p. 964.) The defendant stood up. The police told him to sit back down on the sofa but the defendant argued before complying with the order. Police noticed the defendant

9

appeared to be nervous, was taking his hands in and out of his pockets, appeared to be holding onto something inside his pocket, and was reaching between the sofa cushions, so they told him to put his hands on his lap. Although uncooperative, the defendant finally complied. Police still did not feel comfortable, so the defendant was told to stand up. After refusing several times, the defendant complied and was then taken to a corner of the room where another officer could watch him. The defendant was arrested when police found a bag of cocaine under the sofa cushion where they had seen defendant reaching with his hands. (*Id*. at p. 964-965.) The appellate court concluded the defendant's conduct prior to arrest was not enough to constitute a violation of section 148, because the statute did not criminalize "a person's failure to respond with alacrity to police orders," and the defendant's verbal criticisms of the police were protected by the First Amendment. (*Quiroga*, at p. 966.)

Minor's reliance on *Quiroga* is misplaced. Here, minor was not exercising her First Amendment right by verbally criticizing the police or making some type of important statement. Instead, minor simply refused to provide her name to the police. She refused to provide her name prior to and after her arrest. Here, one of the officers testified that he only learned of minor's name, more than three hours after her arrest, from minor's sister who called the police department inquiring about minor.

Minor also argues that because she did not ultimately succeed in keeping the police from arresting her, she did not physically interfere with or delay her arrest. Therefore, there is no basis to support the true finding. Minor's contention is wholly without merit. Here, the evidence showed that minor physically resisted the officers.

Her resistance to the officers' attempts to get her inside the police car, part of their legitimate duty, was a sufficient basis to support the juvenile court's true finding. (*Yount v. City of Sacramento*, *supra*, 43 Cal.4th at pp. 894-895 [offense satisfied when a defendant willfully resisted, delayed *or* obstructed a peace officer].)

Based on the above, we find that the trial court's true finding is supported by substantial evidence.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                                                                        J.

We concur:

RAMIREZ_____
                            P. J.

CODRINGTON_____
                            J.